UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**A JURY TRIAL IS**

**DEMANDED**

---

JOHN A. ARETAKIS,

                           Plaintiffs,

    -against-

ROBERT DURIVAGE, TIMOTHY NUGENT, TOWN
OF NORTH GREENBUSH AND ROBERT D. WELLS,

                         Defendants.

**COMPLAINT**

**EFC Case**
**Civil Action**
**No. 07CIV5444**
**HON. SCHEINDLIN**

---

The Plaintiff JOHN A. ARETAKIS, by and through his attorney, JOHN A. ARETAKIS, does

hereby state as and for a Complaint against the Defendants the following:

### JURISDICTION AND VENUE

       1.     This action arises under the Fourth, Fifth and Fourteenth Amendments to the

United States Constitution and is a civil rights and civil action brought pursuant to 42 U.S.C. 1983

and 1988, and pendent state law tort claims.

       2.     Jurisdiction of this Court is invoked under 28 U.S.C. Sections 1033, 1331, 1334,

1367 and 1343.  Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide

claims under State Law.

       3.     Venue is sought in this district because it is where the plaintiff resides and where

the events complained of occurred and is proper pursuant to 28 U.S.C. § 1391 (b) (1) and (2).

       4.     This Court has subject matter pursuant due to the federal, statutory and common

law claims and because the amount in controversy exceeds the sum of $75,000.00, exclusive of

interest and costs and causes of actions are premised on federal statutes and pursuant to 28 USC

1330(a) and (b) a violation of Federal Civil rights and constitutional laws.

## PARTIES

6.      The Plaintiff JOHN A. ARETAKIS, (hereinafter Plaintiff "JOHN ARETAKIS") at

all relevant times material to the Complaint herein, is over the age of eighteen and is a United

States citizen, resident of the State of New York and County of New York.

7.      Upon information and belief, at all times relevant to this Complaint herein, the

Defendant TOWN OF NORTH GREENBUSH (hereinafter Defendant "TOWN"), is a municipal

corporation and governmental subdivision of the State of New York and/or has been an entity of a

public corporation duly organized and existing under and by virtue of the Laws and Constitution

of the State of New York and has offices at 2Williams Road, North Greenbush, New York for the

purposes of doing business in the Town of North Greenbush, County of Rensselaer and State of

New York.

8.      Upon information and belief, at all relevant times material to the Complaint herein,

the Defendant ROBERT DURIVAGE (hereinafter Defendant "DURIVAGE") is and has been a

police officer for the Town of North Greenbush.

9.      Upon information and belief, the Defendant TIMOTHY NUGENT (hereinafter

Defendant "NUGENT") is and has been the Attorney for defendant TOWN OF NORTH

GREENBUSH or the County material to the Complaint, is employed by the TOWN OF NORTH

GREENBUSH and acted under the color and by virtue of the statutes, customs, policies, ordinance

and usage of the State of New York and the County of  Rensselaer, and is an entity of a municipal

corporation or government agency capable of being sued.

2

10      The Plaintiff is suing each and all Defendants in both their individual and official

capacities.

## FACTUAL ALLEGATIONS

11.     The Plaintiff JOHN A. ARETAKIS is and has been one of the two attorneys in the

entire State of New York who represents or has represented hundreds of victims of clergy sexual

abuse, and has spoken out and been a vocal critic of the Catholic Church in New York County, the

Capital District and around the State of New York.

12.     The Plaintiff ARETAKIS has been intentionally targeted by the church and

officials with fabricated criminal actions, including but not limited to the fabricated criminal

action in this case.

13      The Defendants and all of them have engaged in an intentional and long standing

practice of intimidating victims of clergy sexual abuse and their advocates including the Plaintiff,

and a longstanding practice of protecting, assisting and moving around priests who engaged in

sexual misconduct or sexual abuse of children, including the Defendants.

14.      The Defendants have engaged in a pattern and practice of the denying civil and

other constitutional rights to **persons** and especially victims of clergy sexual abuse.

## AS AND FOR THE FIRST CAUSE OF ACTION

15.     Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth herein.

16.     The Defendants are jointly and severally liable to the Plaintiff for this cause of

action of intentional infliction of emotional distress.

17.     In the last year, the Defendants have engaged in extraordinary and extreme acts of

malice and outrageous actions toward the Plaintiff.

18.     The Defendants' conduct was and has been extreme and outrageous and was

3

intentional or done with a reckless disregard for the welfare of the Plaintiff, and was done because the Plaintiff was and is a person who complained about sexual abuse by clergy and has stood up and supported victims of clergy sexual abuse.

19.     The Defendants' acts were and are wanton and careless and in the past year have targeted the Plaintiff with these actions.

20.     By engaging in a clear pattern and ongoing activity of egregious behavior herein described, and in lieu of the sexual abuse experienced, witnessed and reported by the Plaintiff, the Defendants intended to inflict distress upon the Plaintiff and should have known that the emotional distress would likely occur.

21.     The Defendants engaged in a series of reckless acts which has proximately damaged the Plaintiff.

22.     The Defendants' acts, when viewed in their entirety, consisted of a pattern of reckless and careless acts.

23.     That such actions above described by the Defendants, is shocking to the conscience of right-thinking persons in the community and damages were proximately caused to the Plaintiff by all Defendants' conduct.

24.     As a result of Defendants' conduct, the Plaintiff experienced and continues to experience severe emotional distress proximately caused by the Defendants' actions.

25.     The Defendants each have displayed extremely reckless conduct and deception towards the Plaintiff.

26.     As a result of the above-mentioned conduct, Plaintiff has suffered and continue to suffer great pain of mind, body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self esteem, disgrace, humiliation, and loss of enjoyment of life;

4

has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses, costs and damages.

27.     The above actions of the Defendants constituted a plan or pattern of continued actions committed with the intent to retaliate against the Plaintiff and many other victims of clergy sexual abuse.

28.     Defendants conspired to and did take specific acts to conceal the misconduct perpetrated by Defendants and attempted to block the instituting of complaints of sexual abuse against the Defendants, which is itself a crime or a conspiracy to commit a crime.  Those specific acts were of an ongoing nature.

29.     The use of retaliatory, hostile and discriminatory acts of the Defendants to further the Defendants' nefarious actions is and was particularly troubling in light of their position of trust with children, power and influence of a church and law enforcement.

30.     The Defendants took numerous acts or steps in furtherance of their acts including, but not limited to:

      a)     filing false charges against Plaintiff;

      b)     fabricating false charges against Plaintiff;

      c)     attempting to build a **case** against the Plaintiff;

      d)     retaliating against the Plaintiff;

      e)     punishing the Plaintiff for exposing and reporting predators and for working for and with victims of abuse; and

      f)     in engaging in such other illegal predicate criminal acts consisting of protecting sexually abusive priests.

31.     The Defendants conspired to have the Plaintiff investigated on false charges, or made false claims against the Plaintiff due to his actions viewed by the Defendants.

## AS AND FOR THE SECOND CAUSE OF ACTION

32.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

33.     This cause of action against the Defendants and a violation of Plaintiff LYMAN'S First Amendment and Constitutional rights of free speech and Title VII of the Civil Rights Act of 1964 for discrimination based on his abuse, his protests and his outspoken criticisms.

34.     The discrimination has been illegal and is based on the Plaintiff's class of being a victim of childhood sexual abuse.

35.     The Plaintiffs' civil and constitutional rights were violated by the September 16, 2005 arrest of the Plaintiff which continued as a false and malicious prosecution until the plaintiff's acquittal **by a Jury** on June 9, 2006.

## AS AND FOR THE THIRD CAUSE OF ACTION

36.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

37.     This cause of action against the Defendants and all of them is for the Fourteenth Amendment Violation.

38.     The Defendants' violation of the Plaintiffs' Fourteenth Amendment rights proximately caused the Plaintiffs damages.

## AS AND FOR THE FOURTH CAUSE OF ACTION

39.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

40.     This cause of action against the Defendants and all of them is for false arrest and malicious prosecution.

41.    The September 16, 2005 arrest and June 9, 2006 acquittal by a Jury proximately caused damages.

## AS AND FOR THE FIFTH CAUSE OF ACTION

42.    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein.

43.    This cause of action against the defendants and all of them is for a violation of the civil rights and other such rights of the Plaintiffs.

**WHEREFORE,** the Plaintiffs respectfully request the following:  Five Million ($5,000,000.00) in damages; for attorney's fees awarded by Statute, treble damages or punitive damages and for such further and other relief the Court deems just and equitable.


DATED:  NEW YORK, NEW YORK
            JUNE 5, 2007


                                                            Yours etc.,


                                                            _____
                                                            JOHN A. ARETAKIS
                                                            Bar Roll JA #7925
                                                            Attorney for Plaintiff
                                                            353 East 54th Street
                                                            New York, New York 10022-4965
                                                            (917) 304-4885