UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. ARETAKIS,

            Plaintiff,

  -against-        **ANSWER TO AMENDED COMPLAINT**
              07-Civ-5444
              Hon. Shira A. Scheindlin

ROBERT DURIVAGE, TIMOTHY NUGENT, TOWN
OF NORTH GREENBUSH AND ROBERT D. WELLS,

            Defendants.

  The defendant, Timothy Nugent, for an Answer to plaintiff's Amended Complaint, alleges as follows:

  1. Defendant denies the allegations contained in paragraphs of the Complaint numbered "1", "2", "8", "10", "21", "22", "23", "24", "29", "30", "31", "32", "33", "34", "38", "39", "41", "43", "44", "45", "46", "47", "50", "58", "62", "65", "66", "68", "69", "70", "71", "72", "73", "76", "77", "84", "85", "86", "87", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "110", "111", "112", "114", "115", "116", "118", "119", "123", "124", "125", "126", "127", "128", "129", "130", "131", "132", "133", "134", "135", "137", "138", "139", "140", "142", "143", "144", "145", "146", "147", "148", "149", "150", "152", "153", "154", "157", "158", "159", "160", "161", "162", "168", "169", "171", "172", "174", "177", "178", "179", "180", "181", "182", "184", "185", "186", and "187".

  2. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs of the

Complaint numbered ""9", "10", "16", "17", "18", "20", "25", "27", "40", "48", "49", "51", "52", "53", "54", "55", "57", "60", "67", "74", "75", "78", "79", "80", "82", "83", "88", "109", "141", "155", "164", "173", and "176."

3. With respect to paragraph "12" of the Complaint, defendant admits Robert Durivage is and has been a police officer for the Town of North Greenbush and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

4. With respect to paragraph "13" of the Complaint, defendant denies the allegations therein, except admits that defendant Nugent was appointed Special Prosecutor in the underlying criminal action.

5. With respect to paragraph "14" of the Complaint, defendant admits that defendant Nugent was acting as a State official with respect to the underlying criminal prosecution of the plaintiff and otherwise denies knowledge and information sufficient to form a belief as to the allegations therein.

6. With respect to paragraph "15" of the Complaint, defendant admits the allegations therein except denies that defendant Nugent sought appointment as the Special Prosecutor.

7. With respect to paragraph "19" of the Complaint, defendant denies the allegations therein, upon information and belief, except admits that defendant Wells was attempting to serve plaintiff with process at the time of the alleged incident.

8. With respect to paragraph "26" of the Complaint, defendant denies the allegations therein, upon information and belief, except admits that criminal charges were filed against plaintiff by defendant Wells.

9. With respect to paragraph "28" of the Complaint, defendant denies the allegations therein, except admits that defendant Wells served process upon the plaintiff.

10. With respect to paragraph "36" of the Complaint, defendant denies the allegations therein, except admits that defendant Nugent is a trained and experienced lawyer and prosecutor.

11. With respect to paragraph "37" of the Complaint, defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, except admits that plaintiff was charged and prosecuted for larceny and harassment.

12. With respect to paragraph "42" of the Complaint, defendant denies the allegations therein, except admits that during the trial of the underlying prosecution, plaintiff made this allegation.

13. With respect to paragraph "56" of the Complaint, defendant denies the allegations therein, except admits that defendant Nugent is Republican Town Chairman for the Town of Schodack.

14. With respect to paragraph "59" of the Complaint, defendant admits the allegations therein, upon information and belief, except denies knowledge or information sufficient to form a belief as to whether the calls were secretly taped.

15. With respect to paragraph "61" of the Complaint, defendant admits knowledge of the allegations that Wells had prior felony convictions and otherwise denies the allegations therein.

16. With respect to paragraph "63" of the Complaint, defendant Nugent denies the allegations therein and states that defendant Nugent turned over to the plaintiff each tape in his possession which contained potential exculpatory material.

17. With respect to paragraph "64" of the Complaint, defendant admits that there was trial testimony to this effect and otherwise denies the allegations therein.

18. With respect to paragraph "81" of the Complaint, defendant denies knowledge or information sufficient to form a belief as to whether the recorded conversations were secretly recorded and states that defendant Nugent turned over to the plaintiff's attorney each tape containing potentially exculpatory information.

19. Defendant respectfully declines to respond to paragraphs "117", "120", "121", and "122" of the Complaint on the ground that they contain statements of law to which no response is required.

20. With respect to paragraph "165" of the Complaint, defendant denies the allegations therein, except admits that plaintiff was arrested for petty larceny and harassment.

21. With respect to paragraph "167" of the Complaint, defendant admits that defendant Nugent was appointed Special Prosecutor and otherwise denies the allegations therein.

22. With respect to paragraph "170" of the Complaint, defendant Nugent admits that the plaintiff was acquitted of the charges.

23. With respect to paragraphs "89", "113", "136", "151", "163", "175", and "183", defendant repeats and realleges the earlier responses to the allegations realleged therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

24. The allegations contained in the Complaint fail to state a claim upon which any relief can be granted against the answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

25. The answering defendant is entitled to absolute or qualified immunity with respect to each claim alleged in the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

26. One or more of the claims alleged in the Complaint are barred by the applicable Statute of Limitations or are otherwise untimely.

**WHEREFORE,** defendant, Timothy Nugent, demands judgment dismissing the Complaint, together with the costs and disbursements of the action, including attorneys' fees pursuant to 42 USC §1988, and such further relief as to the Court may seem just and proper.

DATED: October 24, 2007.

        Yours, etc.

        NAPIERSKI, VANDENBURGH &
          NAPIERSKI, L.L.P.

        BY: *Thomas J. O'Connor*
            THOMAS J. O'CONNOR
        Bar Roll No. TO4325
        Attorneys for Defendant
        Timothy Nugent
        Office & P.O. Address
        296 Washington Avenue Ext.
        Albany, New York 12203
        Phone: (518) 862-9292

TO: JOHN A. ARETAKIS
     Attorney for Plaintiff
     Office & P.O. Address
     353 East 54th Street
     New York, New York 10022-4965

G:\Data\2007\03115\03115001efw.doc