UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN A. ARETAKIS,

                      Plaintiff,

                                                  **Civil Action No. 07-Civ-5444**
  -against-                                      **(Hon. Shira A. Scheindlin)**

ROBERT DURIVAGE, TIMOTHY NUGENT, TOWN
OF NORTH GREENBUSH AND ROBERT D. WELLS,

                      Defendants.
_____


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S
COUNSEL BASED ON DR 5-102(A) AND IN OPPOSITION TO
<u>DEFENDANTS' MOTION TO DISMISS OR TO CHANGE VENUE</u>**

**JOHN A. ARETAKIS**
**Bar Roll No. JA7925**
**Attorney Pro Se**
**353 East 54 th Street**
**New York, New York 10022-4965**
**(917) 304-4885**
**Facsimile (518) 286-3065**
**Email: aretakis@nycap.rr.com**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **TABLE OF AUTHORITIES** | 3 |
| **PRELIMINARY STATEMENT** | 5 |
| **STATEMENT OF FACTS** | 6 |
|     A.    The Parties | 6 |
|     B.    The Causes of Action | 7 |
| **ARGUMENT** | 8 |
| **POINT 1** | 8 |
|     **ATTORNEY COSTELLO SHOULD BE DISQUALIFIED FROM REPRESENTING DEFENDANT IN THE INSTANT CASE** | 8 |
| **POINT II** | 12 |
|     **DEFENDANTS' MOTION TO DISMISS BASED ON IMPORPER SERVICE OR CHANGE VENUE SHOULD BE DENIED** | 12 |
| **POINT III** | 15 |
|     **THE ACTION WAS PROPERLY FILED AND SERVED** | 15 |
| **CONCLUSION** | 16 |

:

**TABLE OF AUTHORITIES**

1.   *Acme Analgesics, Ltd. V. Lemmon Co.,* 602 F.Supp. 306 (S.D.N.Y. 1985).

2.   *Banque Worms, S.A. v. Messrs. Worms et Cie.,* 687 F.Supp. 909, (S.D.N.Y. 1988).

3.   *Brunette v. Gianfelice,* 171 A.D.2d 719, 567 N.Y. S.2d 279 (2d Dep't 1991).

4.   *Concessionaria vKHM International Finance,* 307 F. Supp 553.

5.   *Cooley v. Brooks,* 210 A.D.2d 951, 621 N.Y.S.2d 975 (4th Dep't 1994).

6.   *Dela Villa v. Kwiatkowski,* 293 A.D.2d 886 (2002).

7.   *Elizabeth Street, Inc. v. 217Elizabeth Street Corp.,* 301 A.D.2d 481, 755 N.Y.S.2d 33, (1st Dep't 2003).

8.   *Estate of Bartoli,* 143 A.D.2d 831, 533 N.Y.S.2d 325.

9.   *Gershel v. Porr,* 89 NY2d 327 (1994).

10.  *Hillcrest Owners, Inc. v. Preferred Mut. Ins. Co.,* 234 A.D.2d 269, 650 N.Y.S.2d 310 (2d Dep't 1996).

11.  *Hoerger v. Board of Educ. Of the Great Neck Union Free Sch. Dist.,* 129 A.D.2d 659, 514 N.Y.S.2d 402, (2dDep't 1987).

12.  *Horn v Municipal Information Services, Inc.,* 282 A.D.2d 712, 724 N.Y.S.2d 320, (2d Dep't 2001).

13.  *Lab Crafters v. Flow Safe In.,* 233 F.R.D. 282 (2005).

14.  *Korfman v. Kemper Nat'l Ins. Co.,* 258 A.D.2d 508, 685 N.Y.S. 2d 282 (2d Dep't 1999).

15.  *Kubin v. Miller,* 801 F.Supp. 1101, (S.D.N.Y. 1992).

16.  *Matter of the Estate of Bartoli,* 143 A.D.2d 830, 533 N.Y.S.2d 324, (2d Dep't 1988).

17.  *MesernkStreetRecycling, Inc. v. CSX Transportation, Inc.,* 2007 WL 2891424 (EDNY).

18. *Moses & Singer L.L.P. v. S&S Machinery Corp.,* 251 A.D.2d 271, 675 N.Y.S.2d 62, (1st Dep't 1998).

19. *Nadherny v. Eppel,* 298 A.D.2d 906.

20. *North Shore Neurosurgical Group, P.C. v. Leivy,* 72 A.D.2d 598, 421 N.Y.S.2d 100, (2d Dep't 1979).

21. *Pawarski v. Southeast Community Work Center, Inc.,* 142 A.D.2d 1005, 530 N.Y. S.2d 418, (4th Dep't 1988).

22. *Lipetz v. Palmer,* 216 A.D.2d 367, 628 N.Y.S.2nd 180.

23. *S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.,* 69 N.Y.2d 437, 515 N.Y.S.2d 735, (1987.

24. *Smokler v. New Women Inc.,* 1986 WL 4903 (S.D.N.Y.).

25. *Zaccaro v. Bowers,* 2 Misc.3d 733, 771 N.Y.S.2d 332 (Civ. Ct., N.Y. Co. 2003).

## **PRELIMINARY STATEMENT**

The Plaintiff respectfully submits this Memorandum of Law in support of Plaintiff's Motion to Disqualify Michael Costello, Defendant Robert Wells' counsel based on Disciplinary Rule 5-102(A) of New York's Code of Professional Responsibility (the "advocate-witness" rule, codified at 22 NYCRR 1200.2 1(a)). This Memorandum of Law also opposes the Defendants' Motion to dismiss or to change venue.

As set forth more fully below in the Amended Complaint and in the attached Affidavit, the Defendant Costello is the one who not only hired Defendant Wells on the day Wells' filed false criminal charges against the Plaintiff, but he also requested and encouraged Wells to pursue and file false criminal charges that are the gravamen of the allegations in the Plaintiff's Amended Complaint against the Defendant Wells. As an active participant in – and with direct personal knowledge of contested issues in the arrest and trial resulting in the lawsuit at issue, Defendant's counsel is a necessary witness to the critical and disputed factual allegations in this proceeding. Indeed, Defendant Wells' counsel is the only witness with first-hand knowledge of the hiring of the Defendant Wells and the motivation to have the Plaintiff falsely arrested and charged alleged in the Amended Complaint, making it necessary for the Plaintiff to obtain his testimony in an Examination Before Trial to defend this action. (Plaintiff Aretakis' Affidavit, ¶¶ 4, 7, 8, 11, 13, 16, and 18). Costello must therefore be disqualified from representation based on the advocate-witness rule.

Mr. Costello should have never accepted being engaged in this case. Mr. Costello knew that his testimony is required and essential to the Plaintiff, and may also be essential to the Defendant Wells.

Attorney Michael L. Costello will not deny that he hired Robert Wells to serve process on the occasion that the Plaintiff was arrested, but Mr. Costello will vigorously deny that he encouraged and requested Wells to file and pursue false criminal charges against the Plaintiff. The disqualification of Mr. Costello at this early stage of the case is not and would not be burdensome nor prejudicial.

The motivation and intent of Wells as well as that of Costello are and will be hotly disputed and genuine issues of fact. As such, Mr. Costello is not an appropriate or proper counsel to represent a party in the case. Mr. Wells will or may also try to use the attorney-client privilege that representation in this case would have to avoid testimony about why Mr. Wells filed false criminal charges against the Plaintiff. The Plaintiff alleges that he was falsely charged with a crime because he has over 100 cases or adverse claims pending with Michael Costello and because of the Plaintiff's representation of abused priests such as the one involving a front-page story in the *Village Voice* dated February 8, 2006.

In the alternative, Courts have used CPLR 2218 to conduct an open Court hearing to determine the credibility of a denial that the lawyer is not a witness and whether Attorney Costello should be disqualified based on the advocate-witness Rule. *Lipetz v. Palmer,* 216 A.D.2d 367, 628 N.Y.S.2nd 180. In its discretion, the Court may order or schedule such a hearing.

**STATEMENT OF FACTS**

A.   **The Parties.**

The Plaintiff is one of only two attorneys in New York State who represents approximately 250 victims of clergy sexual abuse, and over 100 of these claims are adverse to Attorney Michael L. Costello. Mr. Costello has encouraged church personnel and personally

acted to try to have (false) criminal charges filed against Attorney John A. Aretakis. (See Plaintiff's Exhibit "A", a June 15, 2005 memorandum drafted or reviewed by Mr. Costello.) Mr. Costello and his clients have also filed and set into motion numerous frivolous ethical complaints against the Plaintiff some of which are filed in the First Departmental Disciplinary Committee in New York City. Not one of the numerous complaints filed by Mr. Costello or Mr. Costello's clients has been found to have one scintilla of merit and the Plaintiff has never been suspended, disbarred or publicly reprimanded by any Bar Association or Disciplinary Committee involved in attorney discipline. Mr. Costello represents dozens and dozens of priests accused of sexual misconduct by the Plaintiff, John Aretakis' clients, and Mr. Costello has represented the Catholic Church in this capacity for over twenty years.

  B.  <u>**The Causes of Action**</u>

  In this proceeding, the Plaintiff seeks to recover damages based upon causes of action sounding in false arrest, malicious prosecution, negligence, intentional infliction of emotional distress and civil rights violations. These causes of action arise in connection with a September 6. 2005 lawsuit filed by Mr. Costello on behalf of the Catholic Church in which Mr. Costello hired Mr. Wells to serve upon the Plaintiff on that same date. While the Plaintiff was in New York City (the Southern District) where he resides and works, the Plaintiff rushed north because he was notified of his wife's being hospitalized with chest pains. Thereupon the Defendant Wells served him with legal process of Mr. Costello and then filed false criminal charges against the Plaintiff. The crux of the claim and of some of the Amended Complaint's theories of recovery is Plaintiff's allegation that Mr. Costello hired Mr. Wells with full knowledge of Mr. Wells long-term criminal and violent history, to serve a Complaint and then to file false criminal charges, to embarrass and humiliate the Plaintiff, to cost the Plaintiff time and effort in defending

a criminal case, and also face the prospect of a wrongful conviction, and to ultimately face a jury trial in a criminal action. Mr. Costello and his clients are the entities that benefited from such action.

**ARGUMENT**

**POINT 1**

**ATTORNEY COSTELLO SHOULD BE DISQUALIFIED FROM REPRESENTING THE DEFENDANT WELLS IN THE INSTANT CASE**

The New York Code of Professional Responsibility provides, in pertinent part, that:

> A lawyer shall not act, or accept employment that contemplates the lawyer's acting, as an advocate on issues of fact before any tribunal if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client.. .

N.Y. Judiciary Law, DR 5-102(A) (McKinney 2003).

The disqualification of an attorney because of a conflict of interest or being a witness in a case is entrusted to the sound discretion of the Court. *Horn v Municipal Information Services, Inc.,* 282 A.D.2d 712, 724 N.Y.S.2d 320, 321 (2d Dep't 2001); *Korfman v. Kemper Nat'l Ins. Co.,* 258 A.D.2d 508, 685 N.Y.S. 2d 282 (2d Dep't 1999); *Matter of the Estate of Bartoli,* 143 A.D.2d 830, 831, 533 N.Y.S.2d 324, 325 (2d Dep't 1988); see also *Kubin v. Miller,* 801 F.Supp. 1101, 1113 (S.D.N.Y. 1992). The purpose of the attorney disqualification provision referenced above is to avoid the unseemly situation presented by the instant case – where an advocate's own credibility as a witness is implicated by his client's factual allegations. In such circumstances, judicial discretion to disqualify is properly exercised. See *Pawarski v. Southeast Community Work Center, Inc.,* 142 A.D.2d 1005, 1005, 530 N.Y.S.2d 418, 419 (4th Dep't 1988); *North Shore Neurosurgical Group, P.C. v. Leivy,* 72 A.D.2d 598, 599, 421 N.Y.S.2d 100, 102 (2d Dep't 1979). This case also faces the very unusual aspect that Attorney Costello is adverse to the

8

Plaintiff on over 100 sexual abuse by clergy cases where Mr. Costello represents the accused priest, and the Plaintiff represents the alleged victims.

The Plaintiff has alleged that it was and is the motivation of Mr. Costello and his Church clients who had a vested interest in the Plaintiff being arrested and falsely charged.

In this regard, an attorney must be disqualified from pending litigation if he knows or it is obvious that he "ought" to testify on behalf of his client when the testimony is necessary to the client's case. DR 5-102(A), see also _Korfman v. Kemper Nat'l Ins. Co.,_ 258 A.D.2d at 508, 685 N.Y.S.2d at 282 (attorney disqualified as "essential witness" in bad faith action); _Moses & Singer L.L.P. v. S&S Machinery Corp.,_ 251 A.D.2d 271, 271, 675 N.Y.S.2d 62, 62 (1st Dep't 1998); _Estate of Bartoli,_ 143 A.D.2d at 831, 533 N.Y.S.2d at 325. Factors such as the significance of the matters, weight of the testimony and availability of other evidence are taken into consideration when courts decide whether or not an attorney's testimony is necessary. See _S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Co_rp., 69 N.Y.2d 437, 446, 515 N.Y.S.2d 735, 739 (1987); _Kubin v. Miller,_ 801 F.Supp. at 1113.

The case law applying the advocate-witness rule uniformly establishes that an attorney who drafts and/or negotiates a contract that becomes the subject of litigation must be disqualified. _Cooley v. Brooks,_ 210 A.D.2d 951, 621 N.Y.S.2d 975 (4th Dep't 1994) (counsel disqualified where he negotiated and drafted contract at issue in litigation); _Hoerger v. Board of Educ. Of the Great Neck Union Free Sch. Dist.,_ 129 A.D.2d 659, 660, 514 N.Y.S.2d 402, 403 (2d Dep't 1987) (attorney disqualification proper where attorney negotiated and executed agreements at issue in underlying action); _Ban que Worms, S.A. v. Messrs. Worms et Cie.,_ 687 F.Supp. 909, 910-11 (S.D.N.Y. 1988) (law firm that prepared loan agreement at issue in RICO action disqualified). See also _Bartoli,_ 143 A.D.2d at 831, 533 N.Y.S.2d at 32 5 (attorney who

9

drafted will at issue in litigation properly disqualified). Similarly, Mr. Costello filed and drafted the above legal action on behalf of the Catholic Church that Mr. Wells was serving on September 6, 2005, and Mr. Costello drafted the June 15, 2005 memorandum attached as Exhibit "A" encouraging filing criminal charges against the Plaintiff.

The above principles apply no differently in this setting, where the actions and mindset of the attorney who hired a Defendant and encouraged the Defendant to file and pursue false criminal charges are necessarily relevant and at issue in the litigation. The prosecution of this action must therefore necessarily include testimonial discovery from Attorney Costello concerning his communications, encouragement and payments to Defendant Wells, and the motivation of these persons to file false criminal charges.

*Hillcrest Owners, Inc. v. Preferred Mut. Ins. Co.*, 234 A.D.2d 269, 650 N.Y.S.2d 310 (2d Dep't 1996) is on point. In that case, Plaintiff sued an insurance carrier on an oral contract that was purportedly entered into "in a telephone conversation between [plaintiff's counsel] and a representative of the defendant." Id. at 269, 650 N.Y. S.2d at 311. Based on these facts, the Appellate Division affirmed the attorney's disqualification as mandated by Dr 5-102(A): "[t]he Supreme Court properly disqualified [plaintiff's counsel] from representing the plaintiff, since it is likely his testimony would be necessary to establish the existence of that alleged oral agreement." *Id.* (citations omitted.) The Second Department's holding in *Hillcrest Owners* is dispositive and requires Attorney Costello's disqualification here because – like the plaintiff's counsel in that case – he played an exclusive role in hiring and motivating Defendant Wells to act as he did against the Plaintiff.

Attorney Costello's personal role with his client at the heart of this litigation is essential to obtain a resolution or to determine the Defendants' motivation for these actions. It is clear

10

beyond dispute that Attorney Costello "ought to be" a fact witness. See <u>Brunette v. Gianfelice,</u> 171 A.D.2d 719, 567 N.Y.S.2d 279, (2d Dep't 1991) (considering that the plaintiff's attorney has admitted his participation in the negotiation of the agreement, as well as having personal knowledge of the parties' intent, we believe that he 'ought to be called' as a witness for the Plaintiff and that he should, therefore, be disqualified from acting as the Plaintiff's attorney"). His testimony therefore goes directly to Plaintiff's causes of action as alleged in the Amended Complaint. See <u>Elizabeth Street, Inc. v. 217 Elizabeth Street Corp.,</u> 301 A.D.2d 481, 482, 755 N.Y.S.2d 33, (1st Dep't 2003) (finding "counsel's testimony will be necessary" because of "the lack of any other witness with counsel's knowledge of the essential facts"); <u>Acme Analgesics, Ltd. V. Lemmon Co.,</u> 602 F.Supp. 306 (S.D.N.Y. 1985) (held, defendants entitled to disqualification of attorney from representing plaintiff where attorney had negotiated, executed, and administered contract upon which action was based and was therefore a key fact witness);

<u>Hoerger v. Board of  Educ. Of the Great Neck Union Free Sch. Dist.,</u> 129 A.D.2d at 660, 514 N.Y.S.2d at 403 (where the Court affirmed the trial judge's decision to disqualify attorney and his law firm because the attorney's "personal knowledge and involvement in these crucial events made it obvious from the inception of this action that he 'ought to be called as a witness'"). Id.

As the above authorities – and particularly the Appellate Division's holding in <u>Hillcrest Owners,</u> supra – demonstrate, Attorney Costello should be disqualified to avoid the conflict associated with his unavoidable appearance as a fact witness in this matter and because he will be called as a witness on a key issue in dispute. "Where an attorney representing a party was an active participant in a disputed transaction and has personal knowledge of the underlying circumstances, he ought to be called as a witness on behalf o his client and it is improper for him

to continue representation." *Zaccaro v. Bowers,* 2 Misc.3d 733, 735, 771 N.Y.S.2d 332 334 (Civ. Ct., N.Y. Co. 2003).

## POINT II

### DEFENDANTS' MOTION TO DISMISS BASED ON IMPROPER SERVICE OR VENUE SHOULD BE DENIED

The Defendant Durivage has made a Motion to dismiss based on improper service of the Complaint and improper venue. This Defendant does not allege that he was served improperly, he only claims that the Amended Complaint was not filed timely with the Court. The Defendant and movant has only submitted an attorney's Affirmation and no evidence from any persons with direct knowledge. The Plaintiff has rebutted the Defendants' claims on service of the Complaint, and that venue is proper.

The Plaintiff primarily resides in the Southern District and did so at the time of the allegations, and also significant operative facts occurred in and witnesses are in the Southern District, such that the Defendants' Motion should be denied. The Defendants have failed to submit admissible evidence and testimony in support of their claim.

In a venue motion, the Court may examine facts outside the Complaint to determine if venue is proper, and must draw all reasonable inference in favor of the Plaintiff and the Plaintiff's Selection of venue. (Rule 12(b)(3) 28 USCA.)

Venue may be appropriate in a district even though a greater portion of the events occurred elsewhere. (28 USCA §1391(b)(2) and §1391(f)(1) at 554)..

Despite the arguments of defense counsel, since "all reasonable inferences must be drawn in favor of the plaintiff and resolved against the defendants," the Southern District of New York

can be considered a proper situs for the dealings that made the parties interact or for witnesses who are involved. <u>Concessionaria</u> v<u>KHM International Finance,</u> 307 F. Supp 553, 560.

 This case is different than the <u>Della Villa v. Kwiatkowski,</u> 293 A.D.2d 886 (2002) case cited by the Defendants. In that case, the Plaintiffs never filed with the Court and served the Amended Complaint until after the one year Statute of Limitations had expired. In addition, the Plaintiffs only filed an Attorney's Affirmation, and there was thus no explanation, or Cross Motion for leave to file an Amended Complaint. Since the attorney had no direct knowledge of the facts, the Court dismissed the Complaint. Id at 887. The Motion of Defendant Durivage in the case at bar also only contains an Attorney's Affirmation. In the case at bar, the Plaintiff filed the Complaint and filed the Amended Complaint and there are no issues that would trigger a statute of limitations defense. The Plaintiff has explained that the claims are meritorious and that any technical late filing was due to a reasonable and good faith law office failure or difficulty with the ECF filing system.

 Similar to <u>Concessionary KHM v. International Finance,</u> 307 F. Supp 553, 559 "the plaintiff has put forth significant allegations that, if viewed in a light most favorable to the plaintiff, establishes that activity in New York played a substantial role in the formation of the local agreements." Id at 559. The Court went on to discuss how the defendant knowingly hired and became involved with an entity that was in New York City, and the same analysis applies here.

 In <u>Mesernk Street Recycling, Inc. v. CSX Transportation, Inc.,</u> 2007 WL 2891424 (EDNY) cited by the Defendant, the Court stated "the plaintiff need only make a prima facie showing venue". Id at 2.

13

The Plaintiff, during the ten months that the false criminal case was pending and prosecuted, was compelled to travel 150 miles and defend himself in an area outside of the area he primarily practiced in. In addition, the Plaintiff was aided by criminal and ethical defense counsel in the Southern District, and the secretly recorded tapes made of the Plaintiff that caused the Plaintiff's false arrest occurred in the Southern District.

The Plaintiff has alleged that on both the day of his arrest and the day of the service of process by Defendant Wells on September 16, 2005 and September 6, 2005 respectively, the Plaintiff was physically in and located in New York City. The Defendants have not denied that they investigated the charges against the Plaintiff while the Plaintiff was in New York City and that secretly taped telephone calls with the Plaintiff were made to and from New York City. The Defendant Durivage previously alleged that the false arrest of the Plaintiff was based on statements made during the telephone calls. In *Smokler v. New Women Inc.*, 1986 WL 4903 (S.D.N.Y.) cited by the Defendants, Judge John F. Keenan found the contradictory allegations are sufficient in themselves to support a finding of "proper venue and jurisdiction involving *New Women.*" The Plaintiff has also alleged that witnesses are located in the Southern District. Id at 3. The Court found that venue was proper in the Southern District, and "the Motion for transfer of venue pursuant to 28 USC § 1404 is denied." Id at 5.

In *Gulf Insurance Co. v. Glassbrenner,* 417 F.3d 353 (2005) the Second Circuit Court of Appeals found that venue would have been appropriate in both districts, and that the lower Court erred in disturbing the venue of that venue chosen by the Plaintiff. The Court found that relevant events and witnesses occurred in the chosen district. Id.

## POINT III

### THE ACTION WAS PROPERLY FILED AND SERVED

The Defendants' use of <u>Nadherny v. Eppel,</u> 298 A.D.2d 906 is not applicable. In that case, the Plaintiff never filed a Summons with the Court, and the Court found that "service of process without first filing the initiatory papers is a nullity, the action never having been properly commenced." Id at 906. This is far different from the facts set out in the case at bar.

The <u>Gershel v. Porr,</u> 89 N.Y.2d 327 (1994) case cited by movant is also not instructive in this case. The finding in <u>Gershel</u> was that the petitioner did not satisfy the "commencement by filing" system because the Petitioner withdrew his original Order to Show Cause and filed and then served a special proceeding without ever having refiled in Court a new set of initiating papers for the special proceedings, (Id at 327), which is entirely different than the case at bar.

In <u>Lab Crafters v. Flow Safe In.,</u> 233 F.R.D. 282 (2005) cited by Defendants, the Courts have discretion to dismiss without prejudice, or to extend the deadlines for an appropriate period. Id at 2. FRCP 4 (m). In this case, there is no reason to dismiss the case, and in doing so it would be without prejudice and would not serve any manifest justice. The Plaintiff's Affidavit sets out that the Amended Complaint is meritorious, and that reasonable and good faith efforts were made to electronically file the Amended Complaint. If there was any defect, it was relatively minor, was explained and is not even alleged to have caused the Defendants any prejudice.

The Plaintiff has crossed moved to remedy any defect which may have occurred.

**CONCLUSION**

Based on the foregoing reasons, the Plaintiff John A. Aretakis, respectfully requests that this Court grant an Order pursuant to 22 NYCRR 1200.21(a) disqualifying Michael L. Costello as counsel to Defendant Robert Wells until such time as substituted counsel is retained in this proceeding, or in the alternative to schedule or conduct a hearing on this issue of on Mr. Costello's involvement and knowledge as to disputed facts, and whether Mr. Costello should be called as a witness, together with such other and further relief as this Court may deem just and proper, and to deny the Defendants' Motion to dismiss and to change the venue.

DATED: NEW YORK, NEW YORK
           NOVEMBER 14, 2007

                                                                    */s/* _____
                                                                    JOHN A. ARETAKIS