# NAPIERSKI, VANDENBURGH & NAPIERSKI, L.L.P.
### ATTORNEYS AND COUNSELORS AT LAW

296 WASHINGTON AVENUE EXT.
ALBANY, NEW YORK 12203
PHONE: (518) 862-9292    FAX: (518) 862-1519
www.nvnlaw.com

CHRISTINE M. NAPIERSKI
EUGENE DANIEL NAPIERSKI*
EUGENE E. NAPIERSKI
JOHN W. VANDENBURGH
SHAWN F. BROUSSEAU
KIMBERLY E. KENEALY**
THOMAS J. O'CONNOR

SHAWN T. NASH***
SCOTT M. PETERSON
MARK J. DOLAN****
CHRISTINA D. PORTER
ASA S. NEFF

Paralegals

CATHY ANDERSON-HARMON, R.N.
STAR DONOVAN, L.M.S.W.

Also Admitted In:
* North Carolina
** Massachusetts
*** Illinois
**** Connecticut

November 19, 2007

**VIA ELECTRONIC FILING**

Hon. Shira A. Scheindlin
U.S. District Court
Southern District of New York
U.S. Courthouse
600 Pearl Street
Chambers 1620
New York, New York 10007

Re:    John A. Aretakis v. Robert Durivage,
       Timothy Nugent, Town of North
       Greenbush and Robert D. Wells
       USDC/SCNY
       Case No. 07-cv-5444
       Hon. Shira A. Scheindlin
       Our File No. 03115

Dear Judge Scheindlin:

Our office represents defendant Timothy Nugent, Esq. in the above-captioned matter. We write to confirm our participation in the pre-motion conference scheduled for Friday, November 30, 2007 at 3:30 p.m. Further, we request that the scope of the conference be enlarged to accommodate consideration of motions contemplated on behalf of Mr. Nugent.

Hon. Shira A. Scheindlin
November 19, 2007
Page 2

## NATURE OF CLAIMS

Plaintiff, pro se, advances a seven-count amended complaint containing five constitutional claims and two pendent state claims arising from a series of allegations based on plaintiff's arrest and prosecution. The amended complaint asserts claims under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 2984 and 1988, and state claims of intentional infliction of emotional distress and negligence.

## NATURE OF MOTIONS

(a) <u>Change of venue</u>. 28 U.S.C. §§ 1391(b) and 1404. The core allegations of the amended complaint involve assertions of conduct, activities and decisions occurring in the Northern District, specifically in the County of Rensselaer. Defendant Robert Wells is a resident of Albany County. Defendant Town of North Greenbush is a municipality within Rensselaer County. Upon information and belief defendant Robert Durivage is an officer with the Town of North Greenbush Police Department and a resident of Rensselaer County. Defendant Timothy Nugent is also a resident of Rensselaer County. The arrest and subsequent prosecution took place within the County of Rensselaer.

(b) Dismissal of the amended complaint on the basis that plaintiff failed to serve the summons and complaint upon defendant Nugent by October 12, 2007, as Ordered by this Court and pursuant to F.R.Civ.P.4(m).

(c) Dismissal on the basis that personal jurisdiction was never obtained over defendant Timothy Nugent because the summons and amended complaint were left with Mr. Nugent's part time secretary on October 9, 2000, which did not conform to the requirements of either F.R.Civ.P.4(e), or New York CPLR §308.

(d) Dismissal based upon the doctrine of absolute prosecutorial immunity enjoyed by Mr. Nugent, in his individual capacity, as special prosecutor of the criminal case against Mr. Aretakis.

(e) Dismissal of the complaint against Mr. Nugent, in his official capacity, on the basis that, in prosecuting the criminal case against the plaintiff, Mr. Nugent was a state, not a municipal official, and, therefore, enjoys immunity under the 11th Amendment to the United States Constitution from the claims alleged.

(d) Dismissal of the claim against Mr. Nugent for intentional infliction of emotional distress, based upon legal insufficiency and the expiration of the applicable statute of limitations.

Hon. Shira A. Scheindlin
November 19, 2007
Page 3

    (e)    Dismissal of the negligent prosecution claim against defendant Nugent on the basis that this is not a cognizable claim under the law of the State of New York.

We are providing a copy of this letter to plaintiff, pro se, and counsel of record. Under separate cover, we have corresponded with plaintiff pro se, pursuant to the Court's Individual Rules and Procedures, in an effort to eliminate the need for these motions.

        Very truly yours,

        NAPIERSKI, VANDENBURGH,
        & NAPIERSKI, L.L.P.

        By: *Tom O'Connor*
        THOMAS J. O'CONNOR

TOC:sfd
cc:    **VIA REGULAR MAIL AND
E-MAIL – aretakis@nycap.rr.com**
John A. Aretakis, Esq.
353 East 54th Street
New York NY 10022-4965

*atty@mbbmlaw.com*
Thomas K. Murphy, Esq.
Murphy Burns Barber & Murpher, LLP
4 Atrium Drive
Albany, New York 12205

*mcostello@tobindempf.com*
Michael L. Costello, Esq.
Tobin & Dempf, LLP
33 Elk Street
Albany, New York 12207

*bsmith@rensco.com*
Robert A. Smith, Esq.
Office of the Rennselaer County Attorney
Ned Pattison Government Center
1600 Seventh Avenue
Troy, New York 12180