LOUIS DEMPF, JR.
MICHAEL L. COSTELLO
KEVIN A. LUIBRAND
R. CHRISTOPHER DEMPF

_____

STEPHEN P. HAYFORD
JENNIFER L. CLARKE

LAW OFFICES

**TOBIN AND DEMPF, LLP**

33 ELK STREET

ALBANY, NEW YORK 12207

JOHN T. MITCHELL, OF COUNSEL
_____

CHARLES J. TOBIN, 1915-1954
CHARLES J. TOBIN, JR., 1940-1987
JAMES W. SANDERSON, 1965-1992
_____

TELEPHONE:   (518)463-1177
FACSIMILE:   (518)463-7489

*Via ECF*

November 27, 2007

Honorable Shira J. Scheindlin, U.S.D.J.
United States District Court, Southern
  District of New York
United States Courthouse, 500 Pearl Street
Chambers 1620
New York, New York 10007

      Re:    John A. Aretakis v. Robert Durivage, Timothy Nugent, Town of North
                Greenbush and Robert D. Wells
                USDC/SDNY
                Case No. 07-cv-5444
                Hon. Shira A. Scheindlin, U.S.D.J.

Dear Judge:

      Pursuant to Individual Practice Rule III (A), this correspondence will serve as Defendant Robert D. Wells' pre-motion letter regarding the plaintiff's pending motion to disqualify the undersigned as counsel in this matter. It should be noted that the plaintiff has not served the required pre-motion letter.

      The plaintiff's motion to disqualify the undersigned pursuant to DR 5-102(b) should be denied for the following reasons:

- The plaintiff has not met, and cannot meet, his burden of proof under DR 5-102(b) and Second Circuit jurisprudence regarding the advocate-witness rule. To prevail on such a motion, a party must prove that the requested testimony is likely to be necessary and that such testimony would create a "substantial likelihood of prejudice" to the attorney's client. *United States v. Tate & Lyle North American Sugars, Inc.*, 184 F. Supp.2d 344, 346 (S.D.N.Y. 2002). Motions for disqualification are disfavored because they limit a party's freedom to choose his/her own counsel; in addition, they are subjected to strict scrutiny because of the potential that they will be used in bad faith as a litigation tactic. *Id.* The accusations and innuendos offered by the plaintiff fall woefully short of this exacting standard.

Honorable Shira J. Scheindlin, U.S.D.J.
November 27, 2007
Page 2 of 2

- The testimony that the plaintiff purports to seek from the undersigned is unnecessary and irrelevant to this proceeding. Even assuming the existence of any factual predicate for the plaintiff's wild accusations against the undersigned, testimony regarding those accusations would bear no connection to a determination of Defendant Wells' alleged liability to the plaintiff on his claims of negligence, constitutional violations, or intentional infliction of emotional distress. Furthermore, the plaintiff must demonstrate not only that the testimony of the undersigned is relevant or useful in this case, but also that the testimony is likely to be necessary to the proceeding. *Id.; see also Forrest v. Par Pharmaceutical, Inc.*, 46 F. Supp.2d 244, 247 (S.D.N.Y. 1999), *aff'd*, 242 F.3d 365. The plaintiff has not made, and cannot make, this showing.

- The testimony sought by the plaintiff would not be even slightly prejudicial to Defendant Wells. To show that such testimony would be prejudicial, the plaintiff must specifically demonstrate that the testimony would be adverse to Defendant Wells' assertions regarding the facts of this case. *Forrest v. Par Pharmaceutical, Inc.*, 46 F. Supp.2d 244, 248 (S.D.N.Y. 1999), *aff'd*, 242 F.3d 365; *United States v. Tate & Lyle North American Sugars, Inc.*, 184 F. Supp.2d 344, 346 (S.D.N.Y. 2002). If this matter were to be tried, both Defendant Wells and the undersigned would testify under oath (a) that the undersigned hired Defendant Wells to serve process on the plaintiff; (b) that Defendant Wells did, in fact, serve process on the plaintiff on September 6, 2005; and (c) that the plaintiff's accusations that Defendant Wells and the undersigned participated in a nefarious scheme to make false criminal charges against the plaintiff (*see* Amended Complaint at ¶¶ 22, 23, 44, 85, and 105) are utterly baseless. The undersigned and Defendant Wells stand ready and willing to submit affidavits to this effect for the consideration of the Court. Therefore, the testimony of the undersigned would not in any way prejudice Defendant Wells.

The recent unpublished opinion issued by the Hon. Sidney H. Stein, U.S.D.J. of the United States District Court, Southern District of New York in the matter of *Kent v. Scamardella* is instructive on the issue of disqualification. A copy of that opinion is attached for your reference. In *Kent*, Judge Stein granted a motion to disqualify John Aretakis as plaintiff's counsel under the advocate-witness rule. *See Kent v. Scamardella*, 2007 U.S. Dist. LEXIS 50376 (S.D.N.Y. July 11, 2007). In *Kent*, the plaintiff made allegations of fraud and legal malpractice, alleging that she never received notice of a proceeding to evict a squatter from the home that had formerly been inhabited by her late father. *Id.* at *1. Specifically, the plaintiff claimed that after the eviction proceeding took place, the plaintiff's siblings entered the house and removed assets of her late father's estate without her awareness or consent. *Id.* at *2. However, the defendants contended that they had furnished Mr. Aretakis – and only Mr. Aretakis – with advance written notice of the eviction proceeding. *Id.* at *5, 6.

Honorable Shira J. Scheindlin, U.S.D.J.
November 27, 2007
Page 3 of 3

       The court in *Kent* noted that motions for disqualification are disfavored, subjected to strict scrutiny, and granted only in cases where the attorney's expected testimony is likely to be necessary. *Id.* at *4. The court further noted that a determination of necessity should be based upon "the significance of the matters, the weight of the testimony, and the availability of other evidence." *Id.* at *5. However, Judge Stein found that the defendants had satisfied this exacting standard. *Id.* Although Mr. Aretakis contended that his testimony would be irrelevant and cumulative, Judge Stein described these contentions as "wholly unpersuasive," finding that Mr. Aretakis was the only witness who could testify to whether written notice of the eviction proceeding was received. *Id.* at *5, 6. While the plaintiff claimed that the disqualification of Mr. Aretakis would create a substantial hardship for her, Judge Stein rejected this contention and found that no exceptions to the advocate-witness rule were applicable. *Id.* at *6-7.

       The plaintiff's motion to disqualify the undersigned is being "used solely as a litigation tactic" by the plaintiff, and lacks any factual or legal basis whatsoever. *See Kent v. Scamardella,* 2007 U.S. Dist. LEXIS 50376 at *4 (S.D.N.Y. July 11, 2007). It is respectfully submitted that this motion illustrates the very reasons that motions for disqualification are disfavored. Under DR 5-102(b) and the controlling Second Circuit case law, the motion to disqualify made by the plaintiff must be denied.

       Thank you for your consideration.

                                                Respectfully yours,

                                                TOBIN AND DEMPF, LLP

                                                Michael L. Costello
                                                (MC 5378)

MLC:sph
encl.
cc:     Thomas J. Murphy, Esq. (via ECF)
         Thomas J. O'Connor, Esq. (via ECF)
         John A. Aretakis, Esq. (via ECF)