LEXSEE 2007 U.S. DIST. LEXIS 50376

**MICHELLE A. KENT, Plaintiff, -against- ROBERT J. SCAMARDELLA, GUY V. MOLINARI, MICHAEL PIAZZA and RUSSO, SCAMARDELLA & D'AMATO, Defendants.**

07 Civ. 844 (SHS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2007 U.S. Dist. LEXIS 50376*

**July 11, 2007, Decided**
**July 11, 2007, Filed**

**SUBSEQUENT HISTORY:** Complaint dismissed at *Kent v. Scamardella, 2007 U.S. Dist. LEXIS 78648 (S.D.N.Y., Oct. 18, 2007)*

**COUNSEL:** [*1] For Michele A. Kent, Plaintiff: John Anthony Aretakis, LEAD ATTORNEY, John A. Aretakis, New York, NY.

For Robert J. Scamardella, Defendant: Daniel R. Alonso, LEAD ATTORNEY, Kaye Scholer, LLP (NYC), New York, NY.

For Guy V. Molinari, Defendant: Daniel R. Alonso, LEAD ATTORNEY, Kaye Scholer, LLP (NYC), New York, NY.

For Michael Piazza, Defendant: David Stephen Wilck, LEAD ATTORNEY, Rivkin Radler, LLP, Uniondale, NY; Dylan C. Braverman, LEAD ATTORNEY, Rivkin Radler, LLP, Uniondale, NY.

For Russo, Scamardella & D'Amato, Defendant: Daniel R. Alonso, LEAD ATTORNEY, Kaye Scholer, LLP (NYC), New York, NY.

**JUDGES:** SIDNEY H. STEIN, U.S. DISTRICT JUDGE

**OPINION BY:** SIDNEY H. STEIN

**OPINION**

*OPINION & ORDER*

SIDNEY H. STEIN, U.S. District Judge

The fraud and legal malpractice alleged in this case involve the purported failure of defendants to notify plaintiff Michelle A. Kent and her attorney, John A. Aretakis, Esq., that a proceeding was going to be held in Richmond County Surrogate's Court on February 11, 2004 to evict a squatter from the home of plaintiff's deceased father. As a result of allegedly not knowing about or attending that proceeding, Kent was not present when her siblings subsequently entered the home and allegedly took [*2] and secreted assets of her father's estate--including cash and jewelry--without her knowledge or consent. Defendants now move for the disqualification of Mr. Aretakis because he is a necessary witness to the issue of whether notice was received. Although motions to disqualify

Case 1:07-cv-05444-SAS   Document 30-2   Filed 11/27/2007   Page 2 of 3

Page 2
2007 U.S. Dist. LEXIS 50376, *

counsel are generally disfavored and are subject to strict scrutiny because of their potential for being used solely as a litigation tactic, the motions [18, 24] are granted in this instance because plaintiff's counsel is a necessary witness concerning a significant fact issue in this action.

I. *Legal standard* "The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.'" *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005)* (citation omitted). In exercising that authority, courts in this circuit "benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules." *Id. See also Blue Planet Software, Inc. v. Games Int'l, LLC, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004)*.

The New York Lawyer's Code of Professional Responsibility, the ABA Model Code of Professional Responsibility, [*3] and the ABA Model Rules of Professional Conduct each prohibit an attorney from advocating on behalf of a client when the attorney is simultaneously a necessary witness on a disputed issue in the matter; this is the so-called "advocate-witness" rule. Disciplinary Rule 5-102 ("DR 5-102") of the New York Lawyer's Code provides that a lawyer shall not accept a representation "if the lawyer knows or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client." *22 N.Y.C.R.R. § 1200.21(a)* (2007); *accord* Model Code of Prof'l Responsibility DR 5-101(B) (1980) ("A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness . . . .").

Similarly, if a lawyer has accepted a representation and then "learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal." *22 N.Y.C.R.R. § 1200.21(c)*; *accord* Model Code of Prof'l Responsibility DR 5-102(A) (1980). Furthermore, a lawyer must withdraw from a representation [*4] if he learns that "he may be called as a witness on a significant issue other than on behalf of the client" and "it is apparent that the testimony is or may be prejudicial to the client." *22 N.Y.C.R.R. § 1200.21(d)* (2007); *accord* Model Rules of Prof'l Conduct R. 3.7(a) (2007); Model Code of Prof'l Responsibility DR 5-102(B) (1980).

Motions to disqualify counsel are generally disfavored and are subject to "strict scrutiny" because of their potential for abuse as a litigation tactic. *See Multi-Juice, S.A. v. Snapple Beverage Corp., No. 02 Civ. 4635, 2003 U.S. Dist. LEXIS 7040, at *18-19 (S.D.N.Y. Apr. 24, 2003)*; *World Food Systems, Inc. v. BID Holdings, Ltd., No. 98 Civ. 8515, 2001 U.S. Dist. LEXIS 2449, at *8-10 (S.D.N.Y. Mar. 8, 2001)*. New York state courts have interpreted DR 5-102 to mean that counsel may be disqualified on the basis of the "advocate-witness" rule "only when it is likely that the testimony to be given by the witness is necessary." *S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp., 69 N.Y.2d 437, 445-46, 515 N.Y.S.2d 735, 508 N.E.2d 647 (1987)*; *Norman Reitman Co., Inc. v. IRB-Brasil Resseguros S.A., No. 01 Civ. 0265, 2001 U.S. Dist. LEXIS 16073, at *8 (S.D.N.Y. Sept. 24, 2001)*. [*5] The relevant factors for determining necessity include "the significance of the matters, the weight of the testimony, and the availability of other evidence." *Paramount Communs., Inc. v. Donaghy, 858 F. Supp. 391, 394 (S.D.N.Y. 1994)*.

II. *Discussion*

It is clear here that a central issue of fact is whether Mr. Aretakis received notice of the February 11, 2004 court hearing. Defendants claim they notified him in writing and in advance. Mr. Aretakis baldly asserts that "[he does] not possess any knowledge of facts that are central and at issue in the case that cannot

be testified to by someone else." (Declaration of John Aretakis dated June 14, 2007, P 1.) Similarly, plaintiff asserts that "[a]ny information that Mr. Aretakis possesses in this case is information that can and will be testified to by me, as well as by other parties or records involving this action." (Affidavit of Michelle A. Kent dated June 13, 2007, P 20.) These statements are wholly unpersuasive. Simply put, the Court cannot conceive of any way in which plaintiff's testimony-or, for that matter, testimony from anyone else--can effectively substitute for the testimony of Mr. Aretakis. Defendants assert that notice was [*6] sent exclusively to Mr. Aretakis by regular mail and provide affidavits in support of that assertion. (*See* Declaration of Lucille Cartesio dated May 10, 2007; Supplemental Declaration of Lucille Cartesio dated June 28, 2007.) Mr. Aretakis is therefore the *only* person who can testify based on personal knowledge about whether he received notice of the February 11, 2004 hearing from the defendants. Indeed, Mr. Aretakis expressly contends--underscoring the necessity of his testimony--that he did not receive the letter dated January 29, 2004 that defendants assert was sent to him regarding the hearing. (Aretakis Decl. P 2.) That testimony is essential to plaintiff's claims and is not cumulative. Accordingly, the Court finds that it would be improper for Mr. Aretakis to serve simultaneously as a fact witness and as plaintiff's advocate in this matter.

The Court has considered the exceptions to the "advocate-witness" rule set forth by the ABA and New York disciplinary rules and finds that none apply in this matter. [1] *See, e.g.*, *22 N.Y.C.R.R. § 1200.21(a)(1-4)* (2007). In particular, there is no basis on which to find that the disqualification of Mr. Aretakis will "work a substantial hardship [*7] on the client." *22 N.Y.C.R.R. § 1200.21(a)(4)(2007)*. Plaintiff's assertions that Mr. Aretakis is "intimately familiar with the legal issues in this case" and that his disqualification will force her to litigate this matter pro se or to abandon the case are unavailing. (Kent Aff. P 3.) Plaintiff has failed to offer any convincing proof that Mr. Aretakis brings any distinctive value to her case--which remains at a very early stage--that could be provided by new counsel.

> 1   A lawyer may avoid disqualification in a matter in which the lawyer "ought to be called" on behalf of the client: (1) when the testimony will relate solely to an uncontested issue; (2) when the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) when the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer; and (4) when disqualification would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case. *22 N.Y.C.R.R. § 1200.21(a)(1-4)* (2007). *Accord* Model Rules of Prof'l Conduct R. 3.7(a)(1-3) [*8] (2007); Model Code of Prof'l Responsibility DR 5-101(B)(1-4) (1980).

### III. *Conclusion*

Plaintiff's counsel is a necessary witness to a key issue of disputed fact in this action. He thus cannot also serve as plaintiff's lawyer in this manner. The motions [18, 24] by defendants for the disqualification of Mr. Aretakis are granted.

Dated: New York, New York

July 11, 2007

SO ORDERED

Sidney H. Stein, U.S.D.J.